UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTOINETTE BROWN,

                                   Plaintiff,

                                                                            DECISION AND ORDER

                                                                             05-CV-6552L

                          v.

SUPERINTENDENT KIRKPATRICK,
Albion Correction Facility, et al,

                                 Defendants.
_____

       Plaintiff Antoinette Brown, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was commenced was an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that defendants, who at all relevant times were employees of DOCS, violated her constitutional rights in a number of respects in 2004, while plaintiff was incarcerated at Albion Correctional Facility ("Albion").

       Defendants have moved to dismiss the complaint for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.2(d) of the Local Rules of Civil Procedure for this district. Defendants' motion is granted.

       Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits." Local Rule 5.2(d) provides in part that "the Court must have a current address [for

*pro se* litigants] at all times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice."

Dismissal under both these rules is warranted here. On May 9, 2007, the Court scheduled a conference in this case for August 22, 2007. Plaintiff failed to appear. In addition, the DOCS internet inmate lookup service, http://nysdocslookup.docs.state.ny.us, indicates that plaintiff was released from custody on August 9, 2007. She has not provided the Court with her current address, and the scheduling order on the pending motion to dismiss, which was mailed to plaintiff's last known address at Albion, was returned to the Court as undeliverable.

In light of these facts, and having considered the relevant factors as set forth by the Court of Appeals for the Second Circuit, *see United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2$^d$ Cir. 2004), I find that dismissal is appropriate here. Defendants' motion is therefore granted. *See Lawson v. Stermer*, No. 04-CV-6630, 2006 WL 625847 (W.D.N.Y. Mar. 9, 2006); *Bottom v. Cooper*, No. 03-CV-6493, 2005 WL 2496052 (W.D.N.Y. Oct. 7, 2005).

## CONCLUSION

Defendants' motion to dismiss for failure to prosecute (Dkt. #30) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 26, 2007.